# Skiles's Estate.

*Principal and surety—Contribution—Banks and banking.*

Where two directors of an insolvent bank are legally adjudged to have moneys of the bank in their possession, and one of the directors has paid a note of the bank on which he and the other director were sureties, and it appears that the amount of the judgment against the directors was much larger than the amount of the note, the director paying the note has no right to contribution against the other director; and the fact that the creditors of the bank subsequently settled for much less than the amount of their claim, gave rise to no equities between the two directors.

Argued March 7, 1905. Appeal, No. 28, Jan. T., 1905, by Q. P. Ahl, administrator, from decree of O. C. Franklin Co., dismissing exceptions to auditor's report in Estate of Henderson G. Skiles, deceased. Before MITCHELL. C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of D. Watson Rowe, Esq., auditor.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*William S. Hoerner*, with him *C. W. Webbert* and *Sharpe &* *Elder*, for appellant.

*W. R. Gillan, Q. T. Mickey, J. A. Strite* and *O. C. Bowers*, for appellee were not heard.

PER CURIAM, May 1, 1905:

The learned judge below stated the facts and the law very clearly and accurately as follows :

" Ahl and Skiles were directors of a bank which had been adjudged fraudulently insolvent. Before this adjudication they united with the other directors in a joint and several obligation to the Third National Bank of Philadelphia to secure the latter against overdrafts of the bank of which they were directors. After the insolvency of the bank was declared, the obligation was sued upon and judgment obtained against the makers ; but before Ahl paid any part of it, in a proceeding in equity in the courts of Cumberland county began by the assignees of the insolvent bank against Ahl and Skiles as well as the other directors, Ahl and Skiles were each adjudged to have of the bank's money an amount almost double that of the judgment of the Third National Bank, and judgments ·were entered against each pursuant to the decree. With respect to this latter liability, Ahl and Skiles cannot be regarded as ordinary debtors of the bank ; the money so charged against them was not theirs, never had been, but was the bank's. To the Third National Bank, the insolvent bank was principal debtor, and Ahl and Skiles stood as sureties. When Ahl paid to the Third National Bank the debt of his principal, he was simply applying the money of the principal, improperly in his hands, not his own at all. His equity extended so far as to give him a right to a credit pro tanto on the judgment of the insolvent bank against himself, and no further.

" To allow him contribution against Skiles, would be to return him the money of the principal debtor, which he had wrongfully appropriated. The equitable principle of contribution is based on the idea of equality of burden between cosureties, where loss has been sustained. Where there has been no loss, there can be no burden. It is never accounted a loss where one pays what he owes, or when in paying the

debt of another, he uses means that belong to the principal; and this is just what Ahl did.

" But, it is replied, is Skiles, who paid nothing on either account, to escape wholly ? What is that to Ahl, or representatives, who have returned to the bank less than one half of what Ahl took from its assets ? Skiles's liability is to the insolvent bank, not to Ahl. Had Ahl been called to pay anything out of his pocket to the bank's creditors, he might have a standing to demand enforcement of Skiles's liability in some form, but he has not. He is not a creditor in any sense. Had Skiles paid in full, not a dollar so paid would have found its way to Ahl.

" Nor does the fact that the creditors of the bank have been compounded with at the rate of twenty cents on the dollar, give rise to any equities between these parties. From such composition this results,—the creditors have received less than they were entitled to, because Ahl and Skiles were not required to pay their respective liabilities to the bank in full, and Ahl and Skiles have, in unequal amounts, this money to which they have no moral right, but to which there is no one who can assert legal claim against them. There is here no loss to be apportioned, no burden to be distributed, and equity will leave the parties just where it finds them."

The decree is affirmed on this opinion.